UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, <br><br> Plaintiffs, <br><br> v. <br><br> SCOT AUTOMOTIVE LTD., d/b/a LIBERTYVILLE AUTO BODY, DAVID DONOVAN, and SCOT McKAY, <br><br> Defendants. | Case No. 1:14-cv-6616 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND UNJUST ENRICHMENT** |

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively, "BMW") seek injunctive and monetary relief from Defendants Scot Automotive Ltd., d/b/a Libertyville Auto Body, David Donovan, and Scot McKay (hereinafter "Defendants") for trademark infringement, unfair competition, deceptive trade practices, and unjust enrichment with regard to BMW's famous Roundel logo pictured below:



As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and Illinois law through their unauthorized use of Plaintiffs' Roundel logo in connection with their competing automotive business.

**Parties**

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG"). BMW NA distributes new and previously owned BMW passenger cars and BMW light trucks through its authorized dealer networks across the country.

2. Plaintiff BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany. BMW AG designs and manufactures motor vehicles, parts and other products for sale in Europe and for export and sale throughout the world.

3. Defendant Scot Automotive Ltd., d/b/a Libertyville Auto Body, is an Illinois corporation with its principal place of business at 1620 S. Milwaukee Road, Libertyville, Illinois 60048. Defendant is in the business of servicing and repairing automobiles, including BMWs, in competition with BMW and its authorized dealers.

4. Defendants David Donovan and Scot McKay are the owners of Scot Automotive Ltd., d/b/a Libertyville Auto Body, and have personally directed and participated in the infringing acts alleged herein.

**Jurisdiction and Venue**

5. This Court has personal jurisdiction over Defendants because Defendants are citizens of and/or conduct business in the State of Illinois.

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under Illinois law.

7. Venue is proper in this District under 28 U.S.C. §1391(b), as Defendants reside in and/or have their principal place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and is occurring in this District.

### BMW's Famous Roundel logo

8. BMW is in the business of designing, manufacturing, distributing, and servicing motor vehicles and a variety of other products under various trademarks, including its Roundel logo (shown above).

9. BMW NA, through itself and its predecessors-in-interest, has been the exclusive licensee and authorized user of the Roundel logo in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

10. Since long prior to the acts of Defendants complained of herein, BMW has used its Roundel logo in connection with its business of manufacturing, distributing, and servicing motor vehicles and a variety of other products in the State of Illinois.

11. BMW AG is the owner of the following U.S. Registrations for its Roundel logo:

| **Mark** | **Reg. No.** | **Reg. Date** | **Services/Goods** |
|---|---|---|---|
| [BMW Roundel logo] | 613,465 | Oct. 4, 1955 | Automobiles, motorcycles and parts thereof |

3

| **Mark** | **Reg. No.** | **Reg. Date** | **Services/Goods** |
|---|---|---|---|
| (BMW Roundel logo) | 1,170,556 | Sept. 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
| (BMW Roundel logo) | 1,450,212 | Aug. 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |
| (BMW Roundel logo) | 2,752,258 | Aug. 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
| (BMW Roundel logo) | 3,418,573 | Apr. 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |

12. These registrations were duly and legally issued, are valid and subsisting, and are incontestable pursuant to 15 U.S.C. § 1065.

13. BMW AG has licensed the Roundel logo to BMW NA for use in connection with the distribution and sale of the aforementioned products in the United States.

14. BMW NA distributes BMW passenger cars and BMW light trucks and provides maintenance services for its customers through nationwide networks of authorized dealers and

4

service providers. BMW NA authorizes BMW dealerships to use the Roundel logo in connection with the sale and/or service of BMW products.

15. To create and maintain goodwill among its customers, BMW NA has taken substantial steps to assure that all authorized BMW dealers and service providers using the Roundel logo are of the highest quality.

16. BMW has expended millions of dollars in advertising efforts across the country in connection with its Roundel logo. As a result of its long use and promotion of this mark, BMW has established its Roundel logo as a famous and distinctive mark among members of the American public.

### Defendants' Wrongful Activities

17. Defendants are displaying BMW's Roundel logo on their website at www.libertyvilleautobody.com without authorization or permission from BMW. (*See* Exhibit A.)

18. BMW has sent Defendants four letters requesting that they cease and desist all unauthorized uses of BMW's Roundel logo and trademark uses of any other BMW marks.

19. As of the filing of this Complaint, however, Defendants are still displaying BMW's Roundel logo in connection with their business.

20. Defendants have never provided services for BMW or any of its subsidiaries, affiliates or authorized agents.

21. Defendants are not affiliated with or sponsored by BMW and have never been authorized by BMW or any of its subsidiaries, affiliates or authorized agents to use BMW's Roundel logo in any form.

22. Defendants' unauthorized use of BMW's Roundel logo is intended to divert to Defendants persons who are interested in the products and services of BMW and to trade off the goodwill of this mark.

23. Defendants do not need to use BMW's Roundel logo in order to inform consumers that they service and repair BMWs.

24. Defendants' unauthorized use of BMW's Roundel logo in the manner described above:

> (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with BMW;
>
> (b) enables Defendants to trade off and receive the benefit of goodwill BMW has built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of BMW, its famous Roundel logo, and its products and services;
>
> (c) unjustly enriches Defendants; and
>
> (d) unlawfully removes from BMW the ability to control the nature and quality of products and services provided under its Roundel logo and places the goodwill and valuable reputation of BMW in the hands of Defendants, over whom BMW has no control.

25. BMW has been damaged and continues to be damaged by Defendants' unauthorized use of BMW's Roundel logo in the manner described above.

26. Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to BMW and to the public for which there is no adequate remedy at law.

## Count I
### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

27. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 26 herein.

28. Defendants' unauthorized use of BMW's Roundel logo in connection with identical goods and services is likely to cause confusion, to cause mistake or to deceive as to the source or sponsorship of Defendants' goods and services.

29. The acts of Defendants complained of herein constitute use in commerce of reproductions, copies, confusingly similar or colorable imitations of BMW's federally registered Roundel logo in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

30. Defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of BMW's rights in its Roundel logo and with intent to trade off BMW's vast goodwill in its mark.

31. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Count II
### Federal Unfair Competition and False Designation of Origin
### (Lanham Act §43(a), 15 U.S.C. § 1125(a))

32. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 31 herein.

33. Defendants' unauthorized use of BMW's Roundel logo falsely indicates that Defendants and their goods and services are connected with, sponsored by, affiliated with, or related to BMW.

34. Defendants' unauthorized use of BMW's Roundel logo has caused, and is likely to continue to cause, confusion, mistake or deception as to the source or sponsorship of Defendants' goods and services.

35. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its mark and with intent to trade off BMW's vast goodwill in its mark.

36. Defendants' unauthorized use of BMW's Roundel logo in connection with their goods and services allows Defendants to receive the benefit of BMW's goodwill, which BMW has established at great labor and expense, and further allows Defendants to expand their business and sales, based not on their own qualities, but on the reputation and goodwill of BMW.

37. The acts of Defendants complained of herein constitute unfair competition and trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

**Count III**
**Deceptive Trade Practices**
**(815 ILCS § 510/2)**

39. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 38 herein.

40. The Illinois Uniform Deceptive Trade Practices Act prohibits, *inter alia*: (1) passing off goods as those of another; (2) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; and (3) causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with another; regardless of whether or not there is "competition between the parties or actual confusion or misunderstanding." 815 ILCS § 510/2.

41. Defendants' unauthorized use of BMW's Roundel logo in connection with their business trades on the business reputation and goodwill of BMW with the intention of deceiving the public into believing that Defendants are affiliated, connected or associated with BMW in violation of the Illinois Uniform Deceptive Trade Practices Act.

42. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its mark and with intent to trade off BMW's vast goodwill in its mark

43. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

## Count IV
### Trademark Infringement and Unfair Competition
### (Common Law of Illinois)

44. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 43 herein.

45. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of Illinois.

46. Defendants' unauthorized use of the infringing mark as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of Defendants with BMW and the source, origin, or sponsorship of their respective goods and services.

47. Defendants' unauthorized use of the infringing mark as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair BMW's reputation under its trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to BMW for which BMW is entitled to relief under the common law.

48. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

**Count V
Unjust Enrichment
(Common Law of Illinois)**

49. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 48 herein.

50. The acts of Defendants complained of herein constitute unjust enrichment of Defendants, because Defendants have received benefits at BMW's expense.

51. It would be inequitable for Defendants to retain the benefits conferred on them.

52. As a result of the foregoing alleged actions of Defendant, Defendants have been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, BMW will continue to suffer injury and damage.

10

**Prayer for Relief**

WHEREFORE, BMW prays that:

1. Judgment be entered for BMW on its claims.

2. Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with it, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

   (a) using BMW's Roundel logo, or any colorable imitations thereof, either alone or part of any business signs, flags, banners, window etchings, internet websites, telephone directory or other internet or print advertisements, promotional materials, stationery, and business cards, or otherwise in connection with their business; and

   (b) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by BMW.

3. An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to BMW and increased as the Court finds to be just under the circumstances of this case;

4. Defendants be required to pay over to BMW:

   (a) in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. §1117(a), an award of treble Plaintiffs' actual damages and Defendants' profits, together with profits resulting from sales by Defendants relating to their aforesaid trademark infringement and unfair competition; and

   (b) BMW's reasonable attorneys' fees and costs of this action.

5. Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver up to BMW for destruction all labels, signs, flags, prints, packages, bottles, receptacles, containers, business cards, letterhead, advertisements and other promotional materials in Defendants' possession or control bearing the Roundel logo or any other BMW mark.

6. Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon BMW, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

7. BMW recover such other relief as the Court may deem appropriate.

**Demand For Jury Trial**

Plaintiffs demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date: August 27, 2014

Respectfully submitted,

*/s/ Matthew J. Hertko*
Matthew J. Hertko (IL Bar No. 6286398)
**JONES DAY**
77 West Wacker, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
mhertko@jonesday.com

John G. Froemming
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
jfroemming@jonesday.com

*Counsel for Plaintiffs*